UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| MELISSA SHER KNEFEL ) | Case No. 07-11534-SSM |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| RITA M. GIBBONS ) | |
| ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| MELISSA SHER KNEFEL *et al* ) | |
| ) | |
| Respondents ) | |

**MEMORANDUM OPINION AND ORDER
DENYING RELIEF FROM AUTOMATIC STAY**

A hearing was held on August 15, 2007, on the motion of Rita M. Gibbons for relief from the automatic stay in order to bring a lawsuit against the debtor in state court. Ms. Gibbons was present in person and represented herself. The debtor was present by her attorney of record. For the reasons stated, the motion will be denied without prejudice to Ms. Gibbons's right to proceed against the debtor's limited liability company.

Background

Melissa Sher Knefel ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on June 15, 2007, and has not yet received a discharge. The trustee filed a report of no distribution on August 1, 2007, and the last day to file complaints objecting to the debtor's discharge or to determine the dischargeability of certain debts is September 17, 2007. In her motion, Ms. Gibbons asserts that she was a

1

contract employee of a company located in Bristow, Virginia, known as Your Dream Team, LLC, that is wholly-owned by the debtor; that her employment was wrongfully terminated on December 1, 2006; and that she is entitled to damages of $96,310 arising from the breach of the employment contract.  She seeks relief from the automatic stay in order to bring a lawsuit against the debtor in the Circuit Court of Prince William County, Virginia.  As grounds, she asserts that the debtor "is attempting to obtain a discharge of this claim in the wrong venue" and that the debtor "is financially able to pay [the] obligation."

Discussion

A.

The filing of a bankruptcy petition creates an automatic stay of, among other things, all litigation against the debtor relating to a pre-petition claim.  § 362(a), Bankruptcy Code. Upon request of the party affected, however, the stay may be annulled, terminated, modified or conditioned for "cause," including lack of adequate protection.  § 362(d), Bankruptcy Code.  The Bankruptcy Code does not define "cause," but the Fourth Circuit has explained that the bankruptcy court is required "[to] balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied."  *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).  Relief from the automatic stay may be granted to permit litigation to go forward in nonbankruptcy forum where (1) only issues of state law are involved,  (2) judicial economy will be promoted, (3) the litigation will not interfere with the bankruptcy case, and (4)  the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court.  Id.  A bankruptcy court will not normally grant relief from the automatic stay, however, to allow a creditor to proceed with a lawsuit against the debtor in another forum, where, as here, it appears that the debt is dischargeable in bankruptcy.

2

The exceptional circumstances in which relief from the automatic stay is granted include, for example, personal injury cases in which the plaintiff agrees to seek recovery only from applicable policies of liability insurance, or the state court litigation is directed against additional defendants over whom the bankruptcy court would not have jurisdiction and judicial economy would be promoted by having only a single trial.  Relief is also commonly granted in situations in which the debt may be non-dischargeable or a distribution to creditors is expected in the bankruptcy case, and trial proceedings are already well advanced (for example, discovery has been completed and a trial date has been set) in the non-bankruptcy forum.  None of those circumstances are present in this case.

B.

The argument that this court is the wrong "venue" for the debtor to obtain a discharge in bankruptcy is incorrect.  First, the exclusive jurisdiction to grant discharges in bankruptcy lies with the federal courts.  Put another way, state courts have no jurisdiction to determine whether a debtor is entitled to a bankruptcy discharge.[1]  An individual may file for bankruptcy relief in the federal judicial district in which he or she has resided for the greater portion of the 180-day period preceding the filing of the petition.  28 U.S.C. § 1408.  There is no suggestion that the debtor has not resided in the Eastern District of Virginia for the

---

[1] State courts do have concurrent jurisdiction to determine whether certain types of debts are dischargeable.  That jurisdiction extend to debts alleged to be excepted from discharge under §§ 523(a)(1), (3), (5), and (7) through (19), Bankruptcy Code.  Only the bankruptcy court, however, may determine the dischargeability of debts alleged to be excepted from discharge under §§ 523(a)(2), (4), or (6), Bankruptcy Code.  *See* 523(c), Bankruptcy Code.  The description of Ms. Gibbons's claim as set forth in the motion for relief from the automatic stay does not on its face fall within any of the special type of claims that are excluded from discharge.  Be that as it may, the ruling denying relief from the automatic stay does not preclude Ms. Gibbons from filing a complaint to determine the dischargeability of her claim.  Because discharge exceptions are narrowly construed, however, she should seek competent legal advice before bringing such an action.

requisite 180 days.[2]  For that reason, the argument that venue is improper in this court must be rejected.

C.

The argument that the debtor, based on her past record of earnings, could afford to pay Ms. Gibbons is irrelevant to whether a particular debt is or should be discharged,[3] but could be relevant to the question of whether the debtor should receive a discharge at all.  A chapter 7 case of an individual with primarily consumer debts may be dismissed on a showing that the granting of relief would be an abuse of the provisions of chapter 7.  § 707(b)(1), Bankruptcy Code.  Ability to pay—either outside bankruptcy or under a chapter 13 repayment plan—is one circumstance that may be considered in determining whether a chapter 7 filing constitutes an abuse.  However, unless the debtor's current monthly income[4] exceeds the state-wide median income for a household of the same size, only the bankruptcy judge or the United States Trustee may bring a motion under § 707(b) to dismiss the case for abuse.  The Chapter 7 Statement of Current Monthly Income and Means-Test Calculation filed by the debtor with her petition reflects annualized current monthly income of $30,850 and a household size of 3.  Since the annual median family income for a household of 3 in

---

[2]  The debtor's petition and statement of financial affairs reflect that she has lived in Bristow, Virginia for the past six years.  Bristow is located in Prince William County, Virginia, which in turn is located in the Eastern District of Virginia.  28 U.S.C. § 127.

[3]  The only exception is for student loan debts, where dischargeability is dependent on whether repayment of the loan would impose an undue hardship on the debtor or a dependent of the debtor. § 523(a)(8), Bankruptcy Code.

[4]  "Current monthly income" is a defined term and is computed as the arithmetic average of all income received by the debtor in the six month period leading up to the bankruptcy filing.  § 101(10A), Bankruptcy Code.  Because it is a backward-looking measure, it may be higher or lower than the income actually being received by the debtor as of the date the bankruptcy petition is filed or a discharge is granted.

4

Virginia is $69,692, only the bankruptcy judge or the United States Trustee may bring a motion to dismiss for abuse unless Ms. Gibbons can show that the current monthly income reported by the debtor is wrong and actually exceeds the state-wide median.[5]  In the absence of such a showing, Ms. Gibbons has no standing to bring such a motion.

D.

Although Ms. Gibbons is unable to sue the debtor personally, this does not preclude her from suing the business known as Your Dream Team, LLC, even though it is wholly-owned by the debtor.  A limited liability company is a separate legal entity from its managers and members, and the bankruptcy of a member or manager does not create an automatic stay of litigation against the company.  This is true regardless of whether a limited liability company has many members or only one. Accordingly, Ms. Gibbons is free to bring her breach of contract claim against the company (although, if the company is no longer in business and has no assets, such a lawsuit may be pointless, but that is a different issue).

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion for relief from the automatic stay is denied without prejudice to the movant's right to bring suit against Your Dream Team, LLC, or to enfoce any judgment she obtains against assets of the company.

---

[5] Ms. Gibbons is of course free to communicate her concerns to the United States Trustee.

      2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____       _____

                                                          Stephen S. Mitchell

Alexandria, Virginia                               United States Bankruptcy Judge

Copies to:

Ruth M. Gibbons
433 Spotted Tavern Road
Fredericksburg, VA 22406
Movant pro se

Melissa Sher Knefel
9560 Tarvie Circle
Bristow, VA 20136
Debtor

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street #301
Alexandria, VA 22314
Counsel for the debtor

Robert O. Tyler, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee